IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTONIO GREGORY PRICE, JR., AIS # 302172, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )  CASE NO. 2:25-CV-49-WKW ) [WO] |
| WARDEN ROLANDA CALLOWAY et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Plaintiff Antonio Gregory Price, Jr. filed this *pro se* 42 U.S.C. § 1983 action asserting various violations of his constitutional rights. (Doc. # 1.) On June 18, 2025, Defendants Correctional Warden Rolanda Calloway and Deborah Crook, Deputy Commissioner of the Office of Health Services for the Alabama Department of Corrections (ADOC) (collectively "ADOC Defendants"), filed a Motion to Dismiss. (Doc. # 29.) By Order entered on June 26, 2025, Plaintiff was directed to file a response to the Motion to Dismiss no later than July 17, 2025 ("June 26 Order"). (Doc. # 33.) The June 26 Order cautioned Plaintiff as follows: "[Plaintiff's] failure to file a timely response in compliance with this Order shall, without further notice, result in dismissal for failure to prosecute and comply with an Order of the Court." (*Id.*) This Order was sent to Plaintiff at his address of record and was not returned to the court as undeliverable.

Over seven weeks have passed since the June 26 Order, and Plaintiff has not complied with the Order's directives or submitted any additional filings in this case. As warned, because Plaintiff has not filed a response to the ADOC Defendants' Motion to Dismiss as ordered, this action will be dismissed without prejudice.

A district court "may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*,

2

143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306 (emphasis in original).

In this instance, Plaintiff has not complied with the June 26 Order, despite its express directives and warning that failing to meet the deadlines would result in dismissal of this action. Consequently, this action will be dismissed without prejudice. Although not required for such a dismissal, the court finds a clear record of delay, given the extended period of noncompliance and the notice provided. It further concludes that no lesser sanction than dismissal would be effective. *See id.*

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 20th day of August, 2025.

                                            /s/ W. Keith Watkins
                                  UNITED STATES DISTRICT JUDGE